673 P.2d 1312

**John DOE, a child, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 15086.**

Supreme Court of New Mexico.

Jan. 3, 1984.

Mary Jo Snyder, Santa Fe, for petitioner.

Paul Bardacke, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

RIORDAN, Justice.

Petitioner John Doe (Doe) was charged with the delinquent act of negligent use of a deadly weapon in violation of NMSA 1978, Subsections 30–7–4(A), (C), and (D), and of curfew violation under a city ordinance of Deming, New Mexico. The children's court found that the child committed the acts.[1] Doe appealed. The Court of Appeals, by memorandum opinion, held that NMSA 1978, Section 32–1–27 (Repl.Pamp. 1981) did not apply to volunteered statements and affirmed the convictions. Doe petitioned for writ of certiorari. We granted certiorari and find ourselves in agreement with the Court of Appeals. However, since there are no New Mexico decisions interpreting Section 32–1–27, we are filing this opinion affirming the Court of Appeals and children's court.

The issue we discuss is whether a seventeen year old child's *volunteered* statement

---

1. The children's court committed the child to Springer for the delinquent act but apparently did not enter a disposition on the curfew violation. In any event, it was not raised in the petition for certiorari and is immaterial to the opinion.

may be admitted in a children's court proceeding, if the child was not advised of his rights pursuant to the Children's Code.

On August 1, 1982, Lieutenant Davidson responded to a radio dispatch and interviewed Ramon Almanza, who said that he heard gunshots very close to his residence. Thereafter, Officer Mendez received a broadcast while in his police car to be on the lookout for the suspect vehicle involved in the incident. Officer Mendez saw a car fitting the description of the suspect vehicle in the parking lot of a Ben Franklin store. As he approached the car he asked Doe, "What are you doing here?" Officer Mendez then saw a six pack of beer and a rifle in the car, and told Doe that he was being held for investigation. As Officer Mendez picked up the rifle, Doe *volunteered* that he had shot the rifle at the Almanza residence, stating that he did not shoot at anybody.

Minutes thereafter, Lieutenant Davidson arrived at the scene and advised Doe why Officer Mendez had stopped him. As Lieutenant Davidson was about to read Doe his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), Doe blurted out that he had fired a shot but didn't know if he had hit anything. Lieutenant Davidson said, "Stop, let me read you your rights." Lieutenant Davidson then read Doe his *Miranda* rights from a card. Doe stated that he knew his rights. Doe was then transported to the police station, where he was again read his *Miranda* rights. Doe again repeated his earlier statement.

Doe argues that the admission of his volunteered statements was a violation of his constitutional rights and of his statutory rights pursuant to the Children's Code, NMSA 1978, Sections 32–1–1 through 32–1–45 (Repl.Pamp.1981 and Cum.Supp.1983), because he had not been given his *Miranda* warnings and because there was no specific showing by the State of a knowing, intelligent, and voluntary waiver of his rights pursuant to Section 32–1–27. Doe does not specifically state how his constitutional rights were violated.

Statements that are volunteered are not covered by *Miranda* and do not require that the suspect be advised of his rights. *State v. Greene,* 91 N.M. 207, 572 P.2d 935 (1977). Nor does threshold or general on-the-scene questioning require *Miranda* warnings. *State v. Chambers,* 84 N.M. 309, 502 P.2d 999 (1972). A review of the record indicates that Doe's statements were volunteered. Therefore, no constitutional violation could have occurred. Doe, however, also claims, as he did unsuccessfully in the Court of Appeals, that the Legislature intended that volunteered statements or responses to on-the-scene questioning are to be treated differently if the person is under eighteen years of age.

In reviewing an attack of a child's constitutional and statutory rights pursuant to the Children's Code, we agree with the Court of Appeals that "[t]hose sections of the Children's Code [referring to a child's constitutional and statutory rights] must be read *in light of the legislative purposes expressed in the [Children's] Code. In re Doe,* 88 N.M. 481, 482, 542 P.2d 61, 62 (Ct.App.1975) (emphasis added). The Court of Appeals recognized that one of the purposes or objectives of the Legislature, presently compiled as Subsection 32–1–2(E), is:

'. . . to provide judicial and other procedures through which the provisions of the Children's Code are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced.'"

*Id.*

In order to determine the legislative purpose in defining a child's statement which is subject to the Children's Code, such as Doe's statements, we must initially construe Section 32–1–27. Originally, Section 32–1–27 was enacted by 1972 N.M.Laws, ch. 97, Section 25, and provided in pertinent part that:

A. A child . . . shall from the time of being taken into custody be accorded and advised of the privilege against self-in-

crimination and from the time of detention in a detention facility shall not be questioned except in the presence of a parent, guardian, custodian or counsel except to determine identity.

B. In any proceeding in the court on a petition ... under the Children's Code, ... unless made while the child was advised by counsel, statements by a child in connection with the subject matter of the petition ... when made at any time after complaint was made against the child or the child was taken into custody, whichever occurs first, shall not be used against the child prior to the court's determination of the petition's allegations or prior to conviction in a criminal proceeding.

C. In a proceeding on a petition alleging delinquency or need of supervision:

(1) an extra-judicial statement that would be constitutionally inadmissible in a criminal matter shall not be received in evidence over objection....

Thereafter, however, the Legislature repealed and enacted a new Section 32–1–27, 1981 N.M.Laws, ch. 36, § 21. The present Section 32–1–27, which governs this case, provides in pertinent part:

A. A child subject to the provisions of the Children's Code is entitled to the same basic rights as an adult, except as otherwise provided in the Children's Code.

....

C. No person subject to the provisions of the Children's Code who is alleged or suspected of being a delinquent child or a child in need of supervision may be *interrogated or questioned* without first advising the child of his constitutional rights and securing a knowing, intelligent and voluntary waiver.

D. Before any statement or confession may be introduced at a trial or hearing when a child is alleged to be a child in need of supervision or a delinquent child, the state must prove that the statement or confession offered in evidence was *elicited* only after a knowing, intelligent and voluntary waiver of the child's constitutional rights was obtained.

E. In determining whether the child knowingly, intelligently and voluntarily waived his rights, the court shall consider the following factors:

(1) the age and education of the respondent;

(2) whether or not the respondent is in custody;

(3) the manner in which he was advised of his rights;

(4) the length of questioning and circumstances under which the respondent was questioned;

(5) the condition of the quarters where the respondent was being kept at the time he was questioned;

(6) the time of day and the treatment of the respondent at the time that he was questioned;

(7) the mental and physical condition of the respondent at the time that he was questioned; and

(8) whether or not the respondent had the counsel of an attorney, friends or relatives at the time of being questioned.

F. Notwithstanding any other provision to the contrary, no confessions, statements or admissions may be introduced against a child *under the age of fifteen years* prior to an adjudication on the allegations of the petition. (emphasis added).

A comparison of the differences in the two statutes clearly indicates the Legislature's intent to liberalize the use of children's statements in court proceedings. Our review of the differences indicates that the Legislature did not intend for volunteered statements, or other statements in the category of those not requiring *Miranda* warnings, such as answers to threshold questioning, to be considered in a different manner when made by a child rather than by an adult. This is based upon the reference in the more recent Subsection 32–1–27(A) that children are to be treated the

same as adults unless the Children's Code specifies otherwise. We note that there is no provision in the Children's Code that specifically addresses either volunteered statements or threshold questioning. We therefore determine that the admission of volunteered statements or answers to "threshold" questions made by a child are governed by the same standard covering adults.

■ The record shows that Doe was seventeen years old, that his statements were volunteered, and that he was not subjected to custodial interrogation when the statements were made. We recognize that *Miranda* safeguards come into play whenever a person in custody is subject to either express questioning or its functional equivalent. *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). Nevertheless, we have determined that volunteered statements are not subject to the constitutional safeguards of *Miranda. State v. Greene.* After reviewing the change in language in terms of the legislative purpose for the Children's Code, we determine that Section 32–1–27 is *not* applicable to either volunteered statements or answers to threshold questioning. In the present case, Doe's unsolicited statements do not involve custodial interrogation. The findings and disposition by the children's court are affirmed.

IT IS SO ORDERED.

PAYNE, C.J., SOSA, Senior Justice, and FEDERICI and STOWERS, JJ., concur.