730 P.2d 1187

**Clark STOREY, Plaintiff-Appellee,**

v.

**UNIVERSITY OF NEW MEXICO HOSPITAL/BCMC, Defendants-Appellants.**

**and**

**Clark STOREY, Plaintiff-Appellant,**

v.

**UNIVERSITY OF NEW MEXICO and Bernalillo County Medical Center, Defendants-Appellees.**

**Nos. 16332, 16449.**

Supreme Court of New Mexico.

Dec. 29, 1986.

Civerolo, Hansen & Wolf, Anthony J.D. Contri, Kathleen Davison Lebeck, Albuquerque, for University of New Mexico Hospital/BCMC.

Duhigg, Cronin & Spring, John Duhigg, Catherine Gordon, Albuquerque, for Clark Storey.

## OPINION

FEDERICI, Justice.

Storey (plaintiff) filed this action in the District Court of Bernalillo County. He alleged that a lien claim of University of New Mexico Hospital/Bernalillo County Medical Center (defendant) upon the proceeds of his uninsured motorist policy was invalid and an abuse of process. Defendant counterclaimed for declaratory judgment on the validity of the lien and for debt and money due. The trial court held that defendant's lien was invalid. The trial court also entered summary judgment in favor of defendant on defendant's counterclaim for debt and money due. Both plaintiff and defendant appealed. The appeals were consolidated. We affirm in part and reverse in part.

Plaintiff was struck and injured by an uninsured motorist. Defendant hospital provided emergency care to plaintiff. Plaintiff carried uninsured motorist coverage with a policy limit of $25,000. Plaintiff's insurer has agreed to pay plaintiff $25,000 for his injuries in settlement under the uninsured motorist policy. Defendant, pursuant to the New Mexico Hospital Lien Act, NMSA 1978, Sections 48–8–1 through 48–8–7 (Act), filed a lien for $16,812.62 against the proceeds of the settlement recovered by plaintiff under the uninsured motorist coverage.

Two issues are presented by this appeal: (1) Did the trial court err in ruling that the Act does not permit a lien upon the proceeds of an uninsured motorist policy?; and (2) Did the trial court err in entering summary judgment in defendant's favor on defendant's counterclaim for debt and money due?

**Issue (1):** We hold that the trial court erred in holding that the Act does not permit a lien upon the proceeds of an uninsured motorist policy.

The trial court based its result upon a distinction between recovery in tort from a tortfeasor or the tortfeasor's insurer and recovery in contract under an uninsured motorist policy. According to the trial court, the Act only permits a lien upon the former. This result is contrary to what we consider to be the clear language of applicable statutes.

Sections 48–8–1(A) and 48–8–3(A) of the Act are particularly relevant to the issue before us. Section 48–8–1(A) states:

Every hospital located within the state that furnishes emergency, medical or other service to any patient injured by

reason of an accident * * * is entitled to assert a lien upon that part of the judgment, settlement or compromise going, or belonging to such patient * * * based upon injuries suffered by the patient * *.

Section 48–8–3(A) states:

Any person, firm or corporation, including an insurance carrier, making *any* payment to a patient * * * as compensation for the injury sustained * * * shall [under specified circumstances] be liable to the hospital for the amount that the hospital was entitled to receive. (Emphasis added.)

 Section 48–8–1(A) addresses a hospital's right to file a lien for emergency services rendered against settlement proceeds going to a patient based upon injuries suffered by the patient. Plaintiff's insurer has agreed to pay $25,000 in settlement as compensation for injuries suffered by plaintiff. Section 48–8–3(A) speaks unequivocally of *any* payment made by *any* person. An unambiguous statute should be given effect according to its clear language. *New Mexico Beverage Co. v. Blything,* 102 N.M. 533, 697 P.2d 952 (1985). Consistent with the unambiguous language of the Act, we hold that the Act permits a lien upon the proceeds of plaintiff's uninsured motorist policy and that defendant's lien for $16,812.62 is valid.

**Issue (2):** We hold that the trial court did not err in entering summary judgment in defendant's favor on defendant's counterclaim for debt and money due.

Summary judgment is proper if the moving party shows "that there is no genuine issue as to any material fact." NMSA 1978, Civ.P.R. 56(c) (Repl.Pamp.1980). By its pleadings, affidavits and other documents filed in the district court, defendant made a prima facie showing that no genuine issue of material fact existed concerning its counterclaim for debt and money due. The burden shifted to plaintiff to rebut the prima facie showing. *See Fidelity National Bank v. Tommy L. Goff, Inc.,* 92 N.M. 106, 583 P.2d 470 (1978). By failing to set forth specific facts, admissible in evidence, showing that there was a genuine issue for trial (*see* NMSA 1978, Civ.P.R. 56(e) (Repl.Pamp.1980)), plaintiff failed to carry his burden of proof.

The cause is remanded to the trial court for proceedings consistent with this opinion.

IT IS SO ORDERED.

STOWERS, C.J., and RIORDAN, J., concur.