791 P.2d 64

**STATE of New Mexico, Petitioner,**

v.

**JONATHAN M., a child, Respondent.**

**No. 18751.**

Supreme Court of New Mexico.

May 8, 1990.

Hal Stratton, Atty. Gen., Margaret B. Alcock, Asst. Atty. Gen., Santa Fe, for petitioner.

Jacquelyn Robins, Chief Public Defender, Peter Rames, Asst. Appellate Defender, Santa Fe, for respondent.

OPINION

WILSON, Justice.

We granted the State's petition for a writ of certiorari to clarify whether NMSA 1978, Section 32–1–27(F) (Repl.Pamp.1989) prohibits the admission of statements made by a child under the age of fifteen years in a hearing to adjudicate delinquency. The district court held that such statements were admissible and the court of appeals, in an unpublished memorandum opinion, reversed the district court. We affirm the court of appeals and reverse the district court.

FACTS

On September 26, 1987, Lawrence G. Nilsen (Nilsen) was cleaning his computer store. Jonathan, a thirteen-year-old boy who lived in the neighborhood, was the only other person present in the store. Nilsen went into the store's back office to retrieve his glasses. When he exited the office he was hit on the back of the head and knocked unconscious. When he regained consciousness he realized his throat had been cut and he was bleeding profusely. Nilsen's wounds prevented him from speaking and he urged Jonathan, who was still in the store, to call an ambulance for assistance. After some delay, Jonathan called for assistance then left the store.

When ambulance personnel arrived at the store, Nilsen was in critical condition and was unable to tell them what happened.

That evening Jonathan's mother called the police and said that her son had reported the incident. The police asked Jonathan and his mother to meet them at the store to explain what had happened. At the meeting, Jonathan made certain statements that were introduced into evidence at a delinquency hearing. At the time of the meeting Jonathan was not a suspect in the case and was not in custody. Inconsistencies in Jonathan's statements and other circumstances contributed to the district court's finding that he had committed aggravated battery and was a delinquent child in need of supervision.

ISSUE

The single issue in this case is whether the district court erred in admitting statements made by a child under age fifteen against that child at a hearing to adjudicate delinquency. Section 32–1–27(F) clearly states that: "[n]otwithstanding any other provision to the contrary, no confessions, statements or admissions may be introduced against a child *under the age of fifteen years prior to an adjudication on the allegations of the petition*." (emphasis added). When a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation. *Storey v. University of N.M. Hosp./BCMC*, 105 N.M. 205, 207, 730 P.2d 1187, 1189 (1986); *New Mexico Beverage Co. v. Blything*, 102 N.M. 533, 534, 697 P.2d 952, 953 (1985); *State v. Michael R.*, 107 N.M. 794, 796, 765 P.2d 767, 769 (Ct. App.), *cert. denied*, 107 N.M. 748, 764 P.2d 879 (1988).

We must construe this statute in view of the express legislative purposes of the Children's Code. *See Doe v. State*, 100 N.M. 579, 581, 673 P.2d 1312, 1314 (1984). The purposes of the Children's Code are:

A. first to provide for the care, protection and wholesome mental and physical development of children coming within the provisions of the Children's Code and then to preserve the unity of the family whenever possible * * *.

B. consistent with the protection of the public interest, to remove from children committing delinquent acts the adult consequences of criminal behavior, but to still hold children committing delinquent acts accountable for their actions to the extent of the child's age, education, mental and physical condition, background and all other relevant factors, and to provide a program of supervision, care and rehabilitation * * *[.]

* * * * * *

E. to provide judicial and other procedures through which the provisions of the Children's Code are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights are recognized and enforced[.]

NMSA 1978, § 32–1–2 (Repl.Pamp.1989).

In *Doe* we held that Section 32–1–27 does not prevent the admission of either voluntary statements or answers to "threshold or general on-the-scene questioning" in a hearing to adjudicate delinquency. 100 N.M. at 581, 673 P.2d at 1314. The defendant in that case was seventeen years old. We did not determine whether such statements would be admissible if made by a child under age fifteen. The State argues that the restrictions in Section 32–1–27(F) only apply to children's statements made in circumstances in which a *Miranda* warning would be required if those statements had been made by one over age fifteen. Along these lines, the State urges this court to extend the holding in *Doe* to cover children under the age of fifteen.

Section 32–1–27(F) clearly prohibits the admission of statements made by children under age fifteen in proceedings prior to adjudication. As stated above, we must interpret this language in accord with its plain meaning. This interpretation is consistent with the purposes of the Children's Code. Once a child is deemed "within the Children's Code" the court must fashion a remedy beneficial to both the child and society. It is at the remedial stage, after

adjudication, that statements made by a child under age fifteen aid the court's determination of how to provide the child with the necessary care, protection, supervision, or rehabilitation. *See generally State v. Favela*, 91 N.M. 476, 576 P.2d 282 (1978) (Children's Code establishes system of treatment, care and rehabilitation for children who have committed delinquent acts), *overruled on other grounds, State v. Pitts*, 103 N.M. 778, 714 P.2d 582 (1986).

Children of tender years lack the maturity to understand constitutional rights and the force of will to assert those constitutional rights. Children are encouraged to respect and obey adults and should not be expected to assert their constitutional rights even under the most perfunctory questioning by any adult, particularly an adult of authority. By prohibiting the admission of statements made by children under age fifteen, Section 32–1–27(F) encourages children to freely converse with adults without fear that their statements will be used against them at a later date. In contrast, an adult or a child over age fifteen is unlikely to make an involuntary statement in a noncustodial, noncoercive atmosphere or after receiving *Miranda* warnings. The additional protection that Section 32–1–27(F) grants children under age fifteen helps to balance these differences in sophistication.

CONCLUSION

We conclude that the district court improperly admitted Jonathan's statements in the delinquency hearing, contrary to Section 32–1–27(F). Accordingly, we affirm the court of appeals and reverse the district court. We remand this matter for proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, C.J., and RANSOM and MONTGOMERY, JJ., concur.

BACA, J., specially concurs.

BACA, Justice (specially concurring).

Although I concur in the judgment of the court, I believe the majority's conclusion can be reached without umbrage to the rationale of *Doe v. State*, 100 N.M. 579, 673

P.2d 1312 (1984), and without judicial expansion of the policy on which the Children's Code is based. I write separately to explain how the majority's conclusion can be distinguished from *Doe* based solely on interpretation of the statutory language. As the majority indicates, when statutory language is clear and unambiguous, we should give effect to that language and refrain from further interpretation. *See Storey v. University of N.M. Hosp./BCMC*, 105 N.M. 205, 730 P.2d 1187 (1986).

In *Doe*, we focused on NMSA 1978, Section 32–1–27(C) and (D) (Repl.Pamp.1989), to determine that the Children's Code's additional protections were implicated only in a situation where *Miranda* safeguards come into play. We emphasized the language of subsection (C) stating that no suspected delinquent child could be *"interrogated or questioned"* without having been advised of his constitutional rights and without a valid waiver. *Doe*, 100 N.M. at 582, 673 P.2d at 1315. With reference to subsection (D), we emphasized that "the state must prove that the statement or confession offered in evidence was *elicited* only after a knowing, intelligent and voluntary waiver of the child's constitutional rights was obtained." *Id.*

Subsection (F) states: *"Notwithstanding any other provision* to the contrary, *no confessions, statements or admissions may be introduced* against a child under the age of fifteen years prior to an adjudication on the allegations of the petition." (Emphasis added.) Subsection (F) does not contain the ameliorating language that the *Doe* opinion emphasizes to indicate the legislative intent that Section 32–1–27 applies only in the post-*Miranda* situation. It does not refer to interrogation, questioning, or elicited statements, and it does not require a knowing, intelligent and voluntary waiver of constitutional rights. In the context of subsections (C), (D), and (E), *Doe* reasonably interpreted this language to show the legislature's intent that these requirements refer to post-*Miranda* constitutional safeguards, which can be implicated only in the post-*Miranda* context. However, subsec-

tion (F) broadly excludes all confessions, statements or admissions, "[n]otwithstanding any other provisions." This broad exclusion, without qualification, by its plain language is not limited to the post-*Miranda* context, and it demonstrates the intent to give children under the age of fifteen broader protection.

I believe that analysis of the statutory language clearly indicates the legislature's intent regarding subsection (F) and further judicial gloss on the statute is unnecessary. I would hold simply that the language employed by the legislature indicates its intent that children under the age of fifteen should be treated differently than older minors. Accordingly, I would exclude on this basis all statements, confessions or admissions, both prior or subsequent to *Miranda*, before an adjudication on the allegations of the petition.