823 P.2d 948

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**SANTIAGO RENE O., a child,
Defendant–Appellant.**

No. 13295.

Court of Appeals of New Mexico.

Dec. 4, 1991.

Tom Udall, Atty. Gen., Max Shepherd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

CHAVEZ, Judge.

The child appeals a children's court judgment, after a jury trial, adjudging him to be delinquent and in need of care or rehabilitation. Our second calendar notice proposed summary reversal. The state has filed a memorandum in opposition. We have considered the state's arguments and reverse.

The child, who was fourteen years old at the time, shot another teenager in the leg. He then fled and was arrested at his home. The police questioned the child and took a taped statement in which he stated that he had acquired the gun while he was living with his mother in Albuquerque.

The child was charged with aggravated battery and testified at his jury trial that he was only in possession of the gun because he was holding it as collateral for a BB gun which he had loaned another youth. The state sought to use the statement made on the night of the shooting to impeach the child's testimony. The court ruled that the state could use the prior statement for the purposes of impeachment on the strength of *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). The state asked the child about his prior inconsistent statements, and the child admitted that he lied to the officer who took his statement.

In *Harris*, the Supreme Court held that a prior inconsistent statement which was not admissible in the prosecution's case in chief because defendant had not been given *Miranda* warnings was admissible for impeachment purposes. NMSA 1978, Section 32–1–27(F) (Repl.Pamp.1989) states that "no confessions, statements or admissions may be introduced against a child under the age of fifteen years prior to an adjudication on the allegations of the petition." Our statute does not limit the restriction against admission for purposes of establishing guilt.

In *State v. Jonathan M.*, 109 N.M. 789, 791, 791 P.2d 64, 66 (1990), our supreme court observed that "[c]hildren of tender years lack the maturity to understand [their] constitutional rights and the force of will to assert those constitutional rights." Under the circumstances present in this case it is unlikely that an adult or child over age fifteen would have made an incriminating statement such as that given by the child. *See id.* By prohibiting the admission of such statements, Section 32–1–27(F) accomplishes the goal of encouraging children to converse with adults freely without fear that their statements will be

used against them at a later date. *State v. Jonathan M.* Nonetheless, the state argues that the statement should be admissible to impeach the child's trial testimony in order to accomplish the "larger" goal of rehabilitation of a dishonest child.

We are not persuaded that the goal of encouraging free communication is less significant than the goal of rehabilitation. Nor do we believe that rehabilitation is sacrificed on the altar of open communication. As our supreme court in *Jonathan M.* points out, "[i]t is at the remedial stage, after adjudication, that statements made by a child under age fifteen aid the court's determination of how to provide the child with the necessary care, protection, supervision, *or rehabilitation.*" *Id.* at 790–91, 791 P.2d at 65–66 (emphasis added). The state's concern over a juvenile's ability to perjure himself with impunity under Section 32–1–27(F) is therefore unfounded. The court may fully consider the prior inconsistent statements of a child in formulating that child's course of rehabilitation. Furthermore, we believe that the procedure for which the state seeks approval would impermissibly weaken the protections created by the statute and discourage children under fifteen from communicating with adults.

Since the language of Section 32–1–27(F) is plain and unambiguous, there is no basis for reading into the statute the exception sought by the state. *State v. Ortiz*, 78 N.M. 507, 433 P.2d 92 (Ct.App.1967). Furthermore, we do not believe that *Jonathan M.* admits of such a result. *See Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973).

We reverse and remand for a new trial.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.