826 P.2d 968

**William E. BIXBY, Joanne C. Bixby, Robert J. Bickerstaff, Elaine Bickerstaff, Peter L. Asprey and Cynthia C. Asprey, Plaintiffs–Appellees,**

v.

**REYNOLDS MINING CORPORATION and Michael D. Reynolds, Defendants–Appellants.**

No. 19879.

Supreme Court of New Mexico.

Feb. 20, 1992.

Penni Adrian, Albuquerque, Don Klein, Jr., Socorro, for defendants-appellants.

The Payne Law Firm, Wallace P. Harman, Diane P. Donaghy, Albuquerque, for plaintiffs-appellees.

OPINION

FROST, Justice.

Reynolds Mining Corporation and Michael D. Reynolds (Reynolds), appellants, and William Bixby, et al. (Bixby), appellees, dispute the possession of certain placer mineral claims located in Santa Fe County on federal public lands. The trial court found that Bixby rightfully possessed the placer claims and granted Bixby's motion for summary judgment on three separate

grounds. First, the trial court found that Reynolds' default on the mining lease between he and Bixby barred him from asserting any mining rights to the property in question. Second, the trial court found that Bixby's rights as landlord with respect to the mineral interests were superior to Reynolds' rights as tenant. Third, the trial court found that Bixby's mining claims were made prior to Reynolds' mining claims, and therefore were superior. We agree with the trial court on the third ground for summary judgment and therefore need not address the first two. We affirm.

FACTS

On August 24, 1987, Reynolds leased patented and unpatented lode claims from Bixby. Reynolds made the first month's payment of $20,000 due under the lease but subsequently defaulted. Bixby terminated the lease and gave written notice of its termination on December 24, 1987.

On March 31, 1989 Reynolds entered into a second lease/purchase agreement with Bixby. Reynolds leased the placer mineral rights located over the lode claims and obtained an option to purchase all patented and unpatented lode and placer claims. Reynolds made eleven monthly payments totalling $55,000 and then defaulted on this second lease as well. Bixby once again terminated the lease and gave Reynolds written notice of the termination on March 20, 1990.

Between the effective dates of these two leases, Reynolds contends that he located placer mining claims, which he named the Redco 1–7 claims, over the underlying lode claims undisputedly owned by Bixby. Reynolds, in fact, entered into a stipulation conceding possession of the underlying lode claims to Bixby. Although Reynolds was not working on the land under the authority of any lease at the time of the locations of the Redco 1–7 claims, Reynolds alleges that Bixby knew he was still on the land and that the Redco placer discoveries were thereby peaceably made. Reynolds also contends that a November 17, 1987 location notice, filed by Bixby for the Upper SL placer claims, covering the same land as the Redco claims, was backdated and was really located on February 12, 1988, ten days after Reynolds' location. These disputed facts, however, were not the basis of the trial court's decision to grant summary judgment. The trial court's decision was properly based on Bixby's undisputed ownership of the underlying lode claims, and the rights that attached therewith.

DISCUSSION

■ Most mineral substances found on federal public lands open to exploration may be located under the federal mining law. 30 U.S.C. § 22 (1988). A valid mining claim on federal public land must be located and patented either as a lode claim or a placer claim. 30 U.S.C. §§ 23, 28, 29, 35, 37 (1988). Title 30 U.S.C. §§ 23 and 35 distinguish lode and placer claims. In general, a well-defined vein embedded in rock is located as a lode claim, and a loose valuable mineral in sand or gravel is located as a placer claim.

Federal mining law, as evidenced by 30 U.S.C. § 26, gives the lode locator exclusive possession of the surface:

§ 26. **Locators' rights of possession and enjoyment** The locators of all mining locations heretofore made or which shall hereafter be made * * * on any mineral vein, lode, or ledge, situated on the public domain, their heirs and assigns * * * so long as they comply with the laws of the United States, and with state, territorial, and local regulations not in conflict with the laws of the United States governing their possessory title, *shall have the exclusive right of possession and enjoyment of all the surface* included within the lines of their locations * * * *

30 U.S.C. § 26 (1988) (emphasis added).

■ Under 30 U.S.C. § 26, the lode locator possesses the surface of his claim, so that any prospecting done on his land without his consent would be a trespass. Consistent with this analysis, both New Mexico and federal cases hold that an attempted claim made on the valid claim of another is void if initiated by trespass. In 1907, this court in *Upton v. Santa Rita*

*Mining Co.,* 14 N.M. 96, 89 P. 275 (1907) decided the validity of a claim wherein the location notice itself had been staked on the claim of another. The court held that under the circumstances of that case the location notice was effective, but only as to the land not already covered by a claim. *Id.* at 126, 89 P. at 285. The court cautioned against too broad a reading of this holding:

> Nor do the views here announced overlook the settled principle *that a location held by patent or by prior location is property in the highest sense and that no rights upon it can be initiated by trespass.* We hold, however, not that a conflict with an adjoining claim by a subsequent locator confers any right as against such prior claim, but that as to the portion of the mining claim lying without such claim the location is not rendered void by the mere fact that the notice may be upon such patented or previously located ground.

*Id.* at 128, 89 P. at 285–86 (emphasis added).

Federal case law also supports the view that an attempted location on land covered by a prior location is a trespass and therefore invalid. In *Clipper Mining Co. v. Eli Mining & Land Co.,* 194 U.S. 220, 24 S.Ct. 632, 48 L.Ed. 944 (1904), an attempted lode location was made on land held by a valid placer locator.[1] The court held the attempted lode location invalid explaining that 30 U.S.C. § 26 together with § 35 granted exclusive right of possession of the surface to the placer locator and that subsequent prospecting on the land of the placer locator was a trespass. *Clipper,* 194 U.S. at 226, 24 S.Ct. at 634. The court noted that the lode locator could not acquire a right by way of a trespass. *Id.* at 230, 24 S.Ct. at 636. In *Ranchers Exploration & Development Co. v. Anaconda Co.,* 248 F.Supp. 708 (D.Utah 1965), the court explained what constitutes a trespass in

this context: "If a mineral discovery has been made, the locator doing the requisite work on his claim is *protected from even the peaceable entry* of another, which would be, as to him, an unauthorized trespass nonetheless." *Id.* at 727 (emphasis added) (citing *Belk v. Meagher,* 104 U.S. 279, 284, 26 L.Ed. 735 (1881)).

A grant of summary judgment is proper if the pleadings together with any affidavits show that there are no genuine issues as to the material facts and the movant is entitled to judgment as a matter of law. SCRA 1986, 1–056(C); *Westgate Families v. County Clerk of Los Alamos,* 100 N.M. 146, 667 P.2d 453 (1983). Where a movant for summary judgment has established a prima facie case, the opposing party must put forth specific facts admissible into evidence to establish a disputed material fact. *Storey v. University of New Mexico Hosp.,* 105 N.M. 205, 730 P.2d 1187 (1986). Conclusions that are stated in an affidavit, unsupported by any factual basis, or matters contained in affidavits that are not properly admissible in evidence, are not sufficient to raise issues of material fact. *Portales Nat'l Bank v. Bellin,* 98 N.M. 113, 645 P.2d 986 (Ct.App.1982). The opposing party must set forth more than mere argument. *Oschwald v. Christie,* 95 N.M. 251, 620 P.2d 1276 (1980). In addition, summary judgment may be proper even though some disputed facts remain, if the disputed facts relate to immaterial issues. *Id.*

██ Bixby met his burden of establishing a prima facie case. The pleadings, motions and affidavits establish that Reynolds was on the land without a lease at the time he purportedly discovered the placer minerals. Furthermore, Reynolds by signed stipulation, conceded possession of the underlying lode claims to Bixby. The lode claims gave Bixby exclusive possession of the surface within the location

1. In the case at hand, the situation is exactly the opposite. An attempted placer location by Reynolds was made on land held by Bixby, a valid lode locator. In *Clipper,* the court analyzed 30 U.S.C. § 26, which gives the lode locator the exclusive right of possession, and 30 U.S.C. § 35, and interpreted § 35 as giving the locator of placer claims the same rights of exclusive possession as those conferred upon the lode locator. (When *Clipper* was decided the present Sections 26 and 35 were codified as Sections 2322 and 2329 of Chapter 6, Title 32, revised statutes.)

boundaries of his claim. *See* 30 U.S.C. § 26. Under this set of facts, Reynolds was trespassing and could not have established valid placer claims.

■ Reynolds, on the other hand, did not meet his burden of showing disputed material facts. In a verified pleading, Reynolds alleges that he was on Bixby's land peaceably; however, this fact is not determinative. *Anaconda* and *Belk* clearly hold that an attempted location even by peaceable entry cannot usurp the rights of a locator holding exclusive possession of his land under 30 U.S.C. § 26. *Anaconda,* 248 F.Supp. at 727; *Belk,* 104 U.S. at 284. Reynolds further asserts that he was on the land with Bixby's "full knowledge," and argues that Bixby thereby waived his exclusive right to possession. *Clipper* does indicate that the locator may waive his exclusive right to possession of the surface. *Clipper,* 194 U.S. at 224, 230, 24 S.Ct. at 633, 636. The court in *Clipper* also observed, however, that in order for a locator to waive the trespass he must have "knowledge of what the prospectors are doing." *Id.* at 230, 24 S.Ct. at 636. Reynolds merely asserts his conclusion that Bixby had "full knowledge" that he was on the land. Besides the deficiency of "specific fact" necessary to rebut a prima facie showing, Reynolds' assertion does not go toward any conclusive fact. Whether or not Bixby knew Reynolds was on the land is not important unless Bixby also knew that Reynolds was actually prospecting for placer minerals. Nowhere does Reynolds properly allege specific facts that would indicate Bixby's knowledge of Reynolds' prospecting for placer minerals or Bixby's knowledge of any other actions taken by Reynolds inconsistent with Bixby's interests.

In conclusion, the critical facts in this case are reflected in a stipulation between the parties in which Reynolds conceded the possession of the lode claims to Bixby. The lode claims gave Bixby the exclusive right to the possession of the land under 30 U.S.C. § 26. Reynolds' prospecting on that land was therefore a trespass, and no right can be acquired through a trespass. Thus, there was no need for the trial court to analyze the evidence of conflicting location dates and markers of the placer claims; Reynolds' attempted placer claim was clearly invalid based on the priority of Bixby's underlying lode claims. For this reason, we affirm the summary judgment.

IT IS SO ORDERED.

BACA and FRANCHINI, JJ., concur.