This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                         No. 33,603

PATRICIA GUNDERSEN,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
Charles C. Currier, District Judge

Hector Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Patricia Gundersen
Roswell, NM

Pro Se Appellant

MEMORANDUM OPINION

GARCIA, Judge.

{1}    Defendant Patricia Gundersen, a self-represented party, appeals her conviction

for violations of the New Mexico Motor Vehicle Code, NMSA 1978, §§ 66-1-1 to -8-141 (1978, as amended through 2016), specifically Section 66-3-805 (tail lamps) and Section 66-3-19 (declaring it unlawful to operate a vehicle on a highway if registration requirements under Motor Vehicle Code are not met). Defendant contests the lawfulness of the traffic stop and argues that it was made without reasonable suspicion and by an officer acting without the power of law. Defendant further argues that her conviction under Section 66-3-19 was without substantial evidence. We affirm Defendant's convictions.

**BACKGROUND**

{2}     On the evening of August 19, 2011, Defendant was traveling southbound in a grey Dodge pickup on Brown Road in Chaves County, New Mexico when she passed State Police Officer Julian Torrez traveling northbound. Officer Torrez observed from his driver-side mirror that the license plate lamp of the pickup was not illuminated. Officer Torrez made a u-turn and followed Defendant down Brown Road and onto Matthews Street. Officer Torrez had his emergency lights on when he stopped behind Defendant's vehicle, which was parked outside her home. Officer Torrez approached Defendant, who had exited the vehicle, and requested her driver's license, registration, and proof of insurance, which she was unable to provide. Officer Torrez observed that Defendant had a temporary registration plate in the window of the vehicle that had

2

expired on May 28, 2011. Officer Torrez issued Defendant three citations: one for failure to have insurance, one for no license plate lamp, and one for an expired temporary registration. On January 11, 2012, the magistrate court found Defendant guilty of the three charges, in violation of Sections 66-3-19, 66-3-805, and 66-5-205. Defendant appealed to the district court.

{3}     The district court held a bench trial on Defendant's de novo appeal. Officer Torrez testified as the State's sole witness. On cross-examination, Defendant made an "oral motion to suppress." Defendant argued that Officer Torrez relied on a mistake of law in basing his traffic stop only on the pickup's missing registration plate, citing *State v. Anaya*, 2008-NMCA-020, 143 N.M. 431, 176 P.3d 1163, *abrogated on other grounds as recognized by State v. Dopslaf*, 2015-NMCA-098, ¶ 10, 356 P.3d 559. Defendant reasoned that the traffic stop violated the Fourth Amendment. Defendant argued that because her vehicle had no registration plate attached to the bumper, the lighting requirements under Section 66-3-805 did not apply and, as a result, there was no reasonable suspicion for the traffic stop. The district court ruled there was reasonable, articulable suspicion that Defendant committed a traffic violation and Officer Torrez followed up in a reasonable manner. The district court denied Defendant's oral motion that it construed as a motion to suppress Officer Torrez's testimony. Defendant later made a motion for a directed verdict and pursuant to that

motion, the district court accepted that Defendant's vehicle was on private property at the time that Officer Torrez's emergency lights were engaged and where the ultimate stop occurred. The district court decided that neither of these factual aspects of the stop "[were] determinative in this case." The district court found Defendant guilty, pursuant to Sections 66-3-805 and 66-3-19 and not guilty, pursuant to Section 66-5-205. This appeal followed.

**DISCUSSION**

**I.      The Stop of Defendant's Vehicle Was Both Reasonable and Lawful**

{4}      Defendant makes two arguments regarding the legality of the traffic stop. First, Defendant argues that Officer Torrez did not have "an objectively reasonable basis" for conducting the stop as it was based on a mistake of law. Second, Defendant argues that the stop was illegal as it did not occur on a public roadway, and the State presented no substantive evidence that Officer Torrez had permission to enforce a traffic violation by "initiating the seizure of Defendant entirely on a private road."

**A.      Officer Torrez Had Reasonable Suspicion to Stop Defendant's Vehicle**

{5}      We review Defendant's challenge to the stop strictly under the Fourth Amendment as she does not assert any broader protections pursuant to Article II, Section 10 of the New Mexico Constitution. *See State v. Gomez*, 1997-NMSC-006, ¶ 22, 122 N.M. 777, 932 P.2d 1 (applying New Mexico's interstitial approach to

4

preserve any question regarding broader constitutional protection under our State Constitution); *see also State v. Hubble*, 2009-NMSC-014, ¶ 6, 146 N.M. 70, 206 P.3d 579 (stating that where a defendant did not assert that the New Mexico Constitution afforded greater protection than the Federal Constitution, the appellate courts will address only the issue of reasonable suspicion under the Fourth Amendment). The basis of Defendant's Fourth Amendment argument is that Officer Torrez committed a mistake of law in believing that she was in violation of Section 66-3-805, which she contends was a misinterpretation of the statute. "A review of the suppression of evidence is a mixed question of law and fact." *Anaya*, 2008-NMCA-020, ¶ 5. "While we generally defer to the district court's findings of fact if the findings are supported by substantial evidence, as a mixed question of law and fact, we determine constitutional reasonableness de novo." *Dopslaf*, 2015-NMCA-098, ¶ 7 (citation omitted). To the extent Defendant's argument requires statutory interpretation of Section 66-3-805, we review de novo. *See State v. Almanzar*, 2014-NMSC-001, ¶ 9, 316 P.3d 183.

{6} A traffic stop of an automobile is a seizure under the Fourth and Fourteenth Amendments, and the stop must be conducted in a reasonable manner to satisfy the Fourth Amendment. *Hubble*, 2009-NMSC-014, ¶ 7. "Before a police officer makes a traffic stop, he must have a reasonable suspicion of illegal activity." *Id.* (internal

5

quotation marks and citation omitted). "A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual . . . is breaking, or has broken, the law." *State v. Jason L.*, 2000-NMSC-018, ¶ 20, 129 N.M. 119, 2 P.3d 856. The appellate courts "will find reasonable suspicion if the officer is aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." *Hubble*, 2009-NMSC-014, ¶ 8 (internal quotation marks and citation omitted).

{7}     The stop at issue was predicated on Officer Torrez's observation that Defendant's vehicle did not have an illuminated registration plate lamp and that this factor supported a violation of New Mexico law under the Motor Vehicle Code. This Court must determine whether Officer Torrez had reasonable suspicion as to a traffic violation under a proper interpretation of the Motor Vehicle Code. *See State v. Lucero*, 2007-NMSC-041, ¶ 8, 142 N.M. 102, 163 P.3d 489 ("Our goal is to give effect to the Legislature's intent, which is best achieved by following the plain reading of the statute. We must read statutes harmoniously instead of as contradicting one another when possible." (citation omitted)).

{8}     Part 9 of the Motor Vehicle Code begins with Section 66-3-801(A) ("Equipment; prohibited acts"), which provides that "it is a misdemeanor for any

6

person to drive . . . on any highway any vehicle . . . which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition . . . as is required by Sections 66-3-801 through 66-3-887[.]" Vehicles must display lighted lamps and illuminating devices as required "at any time from a half-hour after sunset to a half-hour before sunrise," or "when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred feet." Section 66-3-802. Section 66-3-805(C) requires that:

> [e]ither a tail lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of fifty feet to the rear. Any tail lamp or tail lamps, together with any separate lamp for illuminating the rear registration plate, shall be so wired as to be lighted whenever the headlamps or auxiliary driving lamps are lighted.

However, several statutes shall apply in lieu of Section 66-3-805 as to specific types of vehicles including trucks. Section 66-3-808 states, in pertinent part:

> Sections 66-3-809 [and] 66-3-810 . . . shall apply in lieu of [Section 66-3-805] as to . . . *trucks* . . . provided for therein, when operated upon any highway, and said vehicles shall be equipped as required. All lamp equipment required shall be lighted at the times mentioned in Section 66-3-802[.]

(Emphasis added.) A "truck" is defined under the Motor Vehicle Code as "every motor vehicle designed, used or maintained primarily for the transportation of property[.]" Section 66-1-4.17(Q). Finally, Section 66-3-809 and Section 66-3-810 set forth the lighting equipment requirements for trucks according to their overall

7

measured "width." Under Section 66-3-810(C), "all lighting devices and reflectors mounted on the rear of any vehicle shall display or reflect a red color . . . except that the light illuminating the license plate shall be white[.]"

**{9}** Defendant makes several arguments to support the position that her truck was not required to have an illuminated registration plate light and as such, Officer Torrez made a mistake of law. First, Defendant argues that Section 66-3-808 statutorily exempts trucks from the requirements of Section 66-3-805. However, Defendant fails to address the same requirement for a "light illuminating the license plate" that Section 66-3-808 also incorporates under Section 66-3-810(C). Section 66-3-810 is applicable to certain trucks, and Defendant does not identify any facts that would distinguish her truck from the "license plate" lighting requirements in Section 66-3-810(C).

**{10}** The State asserts that this "mistake of law" argument was not preserved at trial. We disagree. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked."). Defendant's trial motion to suppress Officer Torrez's testimony regarding the traffic stop and her articulation of Officer Torrez's "mistake of law," including a citation to *Anaya* as the basis for her objection were sufficient as to preservation. *See* 2008-NMCA-020, ¶ 20 (stating that it cannot be "objectively reasonable to stop a

8

vehicle when there are no facts to support the inference that a law has been violated"). We conclude that Defendant's motion to suppress was sufficient to preserve her argument for appeal.

{11}     Defendant has not identified any facts to support her argument that her truck was exempt from the license plate lighting requirement in Section 66-3-810(C). Officer Torrez testified that Defendant's truck did not have an illuminated registration plate light, and he made the traffic stop predicated on this observation. Objectively, Officer Torrez had reasonable suspicion to believe that Defendant was in violation of Section 66-3-805 or Section 66-3-810, which require motor vehicles to have an operating registration plate lamp or requires a light illuminating the license plate. *See Hubble*, 2009-NMSC-014, ¶ 8 ("We will find reasonable suspicion if the officer is aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." (internal quotation marks and citation omitted)). Defendant does not dispute that her truck did not have this required lighting. Although Defendant argues that she was not subject to Section 66-3-805 because she was driving a truck, this fact did not preclude Officer Torrez from initiating a traffic stop to investigate her failure to have the lighting required by the Motor Vehicle Code. *See Hubble*, 2009-NMSC-014, ¶ 9 ("[A] determination of whether [the officer] had

reasonable suspicion to make the traffic stop does not hinge on whether [the d]efendant actually violated the underlying . . . statute."). It would be for the fact-finder to determine at trial whether Defendant's vehicle was a truck that is subject to the lighting requirements of the Motor Vehicle Code.[1]

{12}     Defendant makes two additional statutory interpretation arguments that are irrelevant to the issue before us. First, Defendant argues that the "render it clearly legible" wording in Section 66-3-805(C)—"render it clearly legible from a distance of fifty feet to the rear"—should be interpreted as referencing only the registration plate. Therefore, it is only the plate that must be seen at a distance of fifty feet and not the actual light of the lamp. However, Officer Torrez's stop of Defendant's vehicle was the result of Defendant's failure to have *any* lamp illuminating the registration plate or license plate area of her truck, a fact that Defendant does not contest. Therefore, whether the statute requires the lamp or the plate to be illuminated up to a distance of fifty feet is not a factual issue in this case.

{13}     Second, Defendant argues that her temporary registration permit was properly

---

[1]Defendant only challenged the legality of the traffic stop and did not challenge whether substantial evidence supported her conviction. We decline to reach any factual issues regarding the lighting requirements set forth in Sections 66-3-805 and 66-3-810. *See State v. Garnenez*, 2015-NMCA-022, ¶ 15, 344 P.3d 1054 ("We will not address arguments on appeal that were not raised in the brief in chief and have not been properly developed for review.").

10

placed in the truck's window and was not required to be illuminated. Again, this argument is irrelevant to the issue of proper lighting required under the Motor Vehicle Code. The Motor Vehicle Code does not exempt vehicles with temporary registration permits from the lighting requirement in the registration plate or license plate area of a vehicle. We will not read such an exception into the wording of a statute where it does not exist. *See State v. Jonathan M.*, 1990-NMSC-046, ¶ 4, 109 N.M. 789, 791 P.2d 64 ("When a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation.").

{14} We, therefore, determine that Officer Torrez had reasonable suspicion to initiate the traffic stop of Defendant's truck, and it was not a "mistake of law" under the plain reading of the Motor Vehicle Code. *See Hubble*, 2009-NMSC-014, ¶¶ 30-32 (describing the difference between a mistake of law and fact in the context of reasonable suspicion). Even if Officer Torrez was mistaken as to whether Defendant's vehicle was a "truck" of a particular width, such a mistake of fact would not negate reasonable suspicion. *See State v. Salas*, 2014-NMCA-043, ¶ 16, 321 P.3d 965 (recognizing that "[m]istakes of fact . . . do not negate reasonable suspicion"). We, therefore, affirm the district court's denial of Defendant's motion to dismiss on the basis of lacking reasonable suspicion for the traffic stop.

**B.    Officer Torrez Acted Within His Authority to Enforce New Mexico Laws Regulating the Use of Public Highways**

11

**{15}** Defendant argues that because "[n]o part of the seizure . . . occurred on a public highway," the stop was illegal. Defendant contends that the State did not present substantial evidence that Officer Torrez had permission to enforce a violation of the Motor Vehicle Code on a private road. To the extent that Defendant's argument also requires statutory interpretation, we again review this issue de novo. *See State v. Romero*, 2006-NMSC-039, ¶ 6, 140 N.M. 299, 142 P.3d 887 ("Statutory construction is a question of law that is reviewed de novo.").

**{16}** All police officers are obligated to investigate "*all violations* of the criminal laws of the state which are called to the attention of any such officer[.]" NMSA 1978, § 29-1-1 (1979) (emphasis added). Members of the New Mexico State Police are granted the authority "to apprehend, arrest, and bring before the proper court *all law violators within the state*" and charged with the "enforcement of all laws of New Mexico regulating the use of highways." NMSA 1978, § 29-2-18(A), (C) (1979, amended 2015) (emphasis added).

**{17}** Defendant argues that *City of Las Cruces v. Rogers*, controls in this case. 2009-NMSC-042, 146 N.M. 790, 215 P.3d 728. In *Rogers*, a Las Cruces police officer followed the defendant into a private parking lot on the suspicion that she might be intoxicated. *Id.* ¶ 2. The defendant was arrested and charged with driving under the influence of alcohol pursuant to the Las Cruces municipal code. *Id.* On appeal, our

Supreme Court held that pursuant to NMSA 1978, Section 3-49-1(O) (1967), which provides that a municipality may, "with the written consent of the owner, regulate the speed and traffic conditions on private property[,]" the City of Las Cruces "lacked the authority to enforce its DWI ordinance on private property without the written consent of the property owner." *Rogers*, 2009-NMSC-042 ¶ 16.

{18} Even assuming that the stop of Defendant occurred on private property, *Rogers* is clearly distinguishable from this case. In this case, Defendant was charged pursuant to the state Motor Vehicle Code, not a law or ordinance enacted by a local municipality. The Motor Vehicle Code does not require written permission from private property owners for the enforcement of traffic violations pursuant to our state statutes. Additionally, because Defendant was driving on a public highway when the violation was observed, Officer Torrez was obligated to investigate and enforce the laws of New Mexico regulating the use of such highways, notwithstanding the fact that the ultimate stop may have occurred on private property. *See* §§ 29-1-1, -2-18.

**II.    Substantial Evidence Supports Defendant's Conviction Pursuant to Section 66-3-19**

{19} Finally, Defendant argues that her conviction under Section 66-3-19 was not supported by substantial evidence, or alternatively, that she was wrongfully convicted under the general statute. In applying our standard of review, we first "view the evidence in the light most favorable to the . . . verdict, indulging all reasonable

13

inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Astorga*, 2015-NMSC-007, ¶ 57, 343 P.3d 1245 (internal quotation marks and citation omitted). We "then determine whether the evidence, when viewed in this manner, could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Gallegos*, 2011-NMSC-027, ¶ 15, 149 N.M. 704, 254 P.3d 655 (emphasis, alterations, internal quotation marks, and citation omitted). To the extent that Defendant's argument raises issues of statutory interpretation, we review de novo. *See Almanzar*, 2014-NMSC-001, ¶ 9.

{20}     Section 66-3-19(E) states, in pertinent part:

> It is unlawful to operate or transport or cause to be transported upon any highways in this state any vehicle . . . subject to registration under the provisions of the Motor Vehicle Code *without having paid the registration fee* or *without having secured and constantly displayed the registration plate required by the Motor Vehicle Code*.

(Emphasis added.) With few exceptions, "every motor vehicle . . . when driven or moved upon a highway and every off-highway motor vehicle is subject to the registration and certificate of title provisions of the Motor Vehicle Code[.]" Section 66-3-1(A). The display of registration plates is governed by Section 66-3-18. A registration plate "shall be attached to the rear of the vehicle for which it is issued[.]" Section 66-3-18(A). Alternatively, a temporary registration permit, valid for a period

14

not to exceed thirty business days from the date of validation, "shall be firmly affixed to the inside left rear window of the vehicle to which it is issued[.]" Section 66-3-18(B); § 66-3-6(E). Under Section 66-3-18(C), "[n]o vehicle while being operated on the highways of this state shall have displayed . . . any registration plate . . . other than one issued or validated for the current registration period[.] . . . *No expired registration plate* or validating sticker shall be displayed on the vehicle[.]" (Emphasis added.)

{21}  Viewing the evidence in the light most favorable to the verdict, there is sufficient evidence such that a rational trier of fact could have found that Defendant violated Section 66-3-19. Section 66-3-19(E) may be violated by either failing to have paid the required registration fee or for failing to secure and display a registration plate as required by the Motor Vehicle Code. On the evening of the traffic stop, Defendant drove her truck on a public highway with an expired temporary registration plate affixed to her rear window. In the present case, it would be logical for the district court, acting as the trier of fact, to infer that Defendant had failed to either pay the required registration fee, and thereby receive a current registration plate, or failed to display a current registration plate as required by the Motor Vehicle Code. *See* §§ 66-3-18(C), -19, -1.

{22}  Defendant further argues that the district court wrongfully convicted her under

15

Section 66-3-19 and instead, she should have been prosecuted under the more specific statute, Section 66-3-18. The State asserts that Defendant failed to preserve this argument for appeal. However, even though Defendant's pro se argument at trial may not have been articulated well, she did raise the differences in Sections 66-3-18 and 66-3-19 to the district court's attention and the district court rejected her interpretation of the statutes. *See* Rule 12-321(A) ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked.").

{23}     Insomuch as Defendant's argument was preserved, it is not well taken by this Court. Defendant cites the general/specific statute rule as support for her argument. Under the general/specific statute rule, also known as the *Blevins* rule, "if two statutes, one general and one special, punish the same criminal conduct, the special law operates as an exception to the general law" and compels the state to prosecute under the special law. *State v. Cleve*, 1999-NMSC-017, ¶ 17, 127 N.M. 240, 980 P.2d 23 (citing *State v. Blevins*, 1936-NMSC-052, 40 N.M. 367, 60 P.2d 208). "[T]he general/specific statute rule, to the extent that it requires prosecution under one statute instead of another, is connected with the principle of double jeopardy as it relates to multiple punishment for unitary conduct." *Id.* ¶ 22. To determine whether the general/specific statute rule applies, courts compare the elements of the two relevant crimes, and if the elements are the same, the general/specific statute rule applies. *Id.*

¶ 26.

{24}     In the present case, the general/specific statute rule does not apply. We interpret Defendant's argument to be that she should have been subject to Section 66-3-18(C) but that she was not in violation of Subsections (A), (B), or (D) at the time of the stop. Section 66-3-18(C) prohibits the display of expired registration plates and Section 66-3-19(E) provides that it is unlawful to operate a vehicle subject to the registration requirement of the Motor Vehicle Code without either having paid the registration fee or having secured and displayed a registration plate required by the Motor Vehicle Code. The elements of these two statutes clearly differ. One deals with the placement of the registration plate while the other makes it unlawful to drive with an invalid registration plate. We, therefore, see no application of the general/specific statute rule and no implication of double jeopardy. *See Cleve*, 1999-NMSC-017, ¶¶ 22, 26. As such, we hold there was sufficient evidence to support Defendant's conviction under Section 66-3-19.

**CONCLUSION**

{25}     For the foregoing reasons, we affirm Defendant's convictions pursuant to Sections 66-3-805 and 66-3-19.

{26}     **IT IS SO ORDERED.**

_____
                                    **TIMOTHY L. GARCIA, Judge**

17

WE CONCUR:

_____
LINDA M. VANZI, Chief Judge


_____
STEPHEN G. FRENCH, Judge