This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                                    No. 29,563

EARL HARVEY,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Thomas J. Hynes, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo
Santa Fe, NM

for Appellant

MEMORANDUM OPINION

VIGIL, Judge.

Defendant appeals the district court order denying his motion to suppress all the evidence supporting the charge of driving while under the influence of intoxicating liquor (DWI).  This Court's first notice proposed summary affirmance.  Defendant filed a memorandum in opposition to this Court's proposed disposition.  We are not persuaded by Defendant's memorandum in opposition, and affirm.

**Reasonable Suspicion for the Stop**

Defendant argues that the deputy made a mistake of law because he was driving within his lane of traffic, did not cross over into any other lanes, and was driving slightly under the speed limit.  *See State v. Anaya,* 2008-NMCA-020, ¶ 6, 143 N.M. 431, 176 P.3d 1163.  [DS 7]  Viewing the facts in a manner most favorable to the prevailing party, we conclude that based on the deputy's observance of Defendant's car making erratic and jerky movements within the lane, the deputy could reasonably conclude that Defendant's driving was impaired because he was driving in a careless, or inattentive manner.  *See State v. Brennan,* 1998-NMCA-176, ¶ 10, 126 N.M. 389, 970 P.2d 161 ("We review the denial of a suppression motion to determine whether the trial court correctly applied the law to the facts."); NMSA 1978, Section 66-8-114 (1978) (defining careless driving).

**Calibration Check**

Defendant now argues that the deputy did not testify that the machine was properly calibrated before he testified to the results of the first breath test, prior to

the mouth piece falling off. [MIO 11] Defendant cites 7.33.2.11(G)(3) NMAC (3/14/01), which requires that "[a] calibration check on the instrument(s) shall be conducted at least once every seven calendar days *or* a .08 calibration check shall be conducted with each subject test, *or both*." (Emphasis added). [MIO 11] The regulation requires that either a weekly or an immediate calibration check before each test, or both, be completed. The docketing statement indicates the deputy testified that he ran the breath machine through its calibration check before the first breath test. [MIO 3] Therefore, we conclude that the regulation was not violated, and the testimony was properly admitted.

**Twenty-Minute Deprivation Period**

Defendant continues to argue, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), that the deputy did not testify regarding the time he started the twenty-minute deprivation period, and the time he ended it. It appears the deputy did testify that he placed Defendant in handcuffs at 6:48 p.m., according to his cell phone, and that Defendant did not take anything in his mouth until the test started at 7:31 p.m. [MIO 12, RP 157] Therefore, we conclude that the requirements of the SLD regulation were met. The regulation does not require that there be evidence concerning the start and end time of the twenty-minute deprivation period. Nor have our appellate courts interpreted the regulation as

3

requiring such evidence. It is sufficient that the deputy explained how he determined when the twenty-minute deprivation period began and ended. *See State v. Thompson,* 2009-NMCA-076, ¶ 20, 146 N.M. 663, 213 P.3d 813.

Defendant also continues to argue that the second and third breath test results were erroneously admitted because the deputy did not follow SLD regulations requiring a twenty-minute deprivation period. Defendant contends that when the mouth piece fell during the first test, a new twenty-minute deprivation period should have been initiated before the second test. In addition, Defendant asserts that the deputy did not testify that Defendant did not take anything in his mouth between the first failed attempt at the test and the second successful test. [MIO 13]

We hold that under the applicable SLD regulation, a subsequent twenty-minute deprivation period was not required after the first failed test. *See* 7.33.2.12 (B)(1) NMAC (3/14/01); *see State v. Willie,* 2009-NMSC-037, ¶ 9, 146 N.M. 481, 212 P.3d 369 ("The interpretation of an administrative regulation is a question of law that we review de novo."). Defendant relies on the phrase "first breath sample," for the contention that because the first breath test was terminated when the mouth piece fell, the "first breath sample" was not actually collected until the second test. Therefore, Defendant argues, the SLD regulation required a new deprivation period before the second test, or what would become the "first breath

4

sample." [MIO 13] We disagree. The purpose of the twenty-minute deprivation period prior to the "first breath sample" is to assure the accuracy of the first test, and any subsequent tests, by certifying that the person tested has not had anything by mouth during the deprivation period. *See Willie,* 2009-NMSC-037, ¶ 11 ("[T]he SLD intended operators to be certain to some degree that a subject has not had anything to eat, drink, or smoke during the deprivation period."). Under the facts of this case, that purpose was accomplished before the first test. Given that Defendant was in handcuffs during the first twenty-minute deprivation period such that it was unlikely he could have put anything in his mouth, we hold that absent evidence to the contrary, the purpose of the regulation was met. *Cf. Willie,* 2009-NMSC-037, ¶ 9 ("If the plain meaning of the statute is 'doubtful, ambiguous, or [if] an adherence to the literal use of the words would lead to injustice, absurdity or contradiction,' we will construe the statute 'according to its obvious spirit or reason.'") (*quoting State v. Davis,* 2003-NMSC-022, ¶ 6, 134 N.M. 172, 74 P.3d 1064).

As to the assertion that the deputy did not testify if he asked or checked to see if Defendant had taken anything by mouth between the first and second test, we look to *Willie*, for guidance. *Willie* held that the SLD regulations do not require operators to "ask or check" "a person suspected of drunk driving whether he or she has anything in his or her mouth or to inspect a suspect's mouth for food or other

substances prior to initiating the required twenty-minute deprivation period."
*Willie*, 2009-NMSC-037, ¶ 18. We conclude that there was sufficient evidence to support the district court finding by a preponderance of the evidence that the requirement of the regulation was met. There was evidence that Defendant was in handcuffs during the first twenty-minute deprivation period "in such a way that it would be unlikely that [he] could have eaten, drunk, or smoked anything." *Id.* ¶ 16. Consequently, "we believe the trial court did not abuse its discretion in finding that it was more likely than not that Defendant[] had not had anything to eat, drink, or smoke during the deprivation period." *Id.*; *see State v. Martinez,* 2007-NMSC-025, ¶ 7, 141 N.M. 713, 160 P.3d 894 (concerning abuse of discretion standard of review), *cert. granted*, 2008-NMSC-025, 141 N.M. 713, 160 P.3d 894.

**SLD Certification**

Defendant argues that the State did not satisfy its burden of establishing compliance with SLD regulations requiring foundation testimony on the certification of the machine. [MIO 15] Defendant contends that although the deputy testified the machine was properly certified on the day of the test, he did not testify that he looked at the certificate or how he knew the machine was certified. [MIO 16] Defendant relies on cases where it was held that an officer's testimony that the certification sticker on the machine indicated the machine was certified,

6

standing alone, was sufficient to meet the foundational requirement for admission of the breath test results. *See State v. Granillo-Macias*, 2008-NMCA-021, 143 N.M. 455, 176 P.3d 1187; *Martinez,* 2007-NMSC-025, ¶ 23. If Defendant is relying on these cases for the proposition that the deputy was required to testify that he actually looked at the certification sticker on the machine, we disagree. In those cases, there was no other testimony concerning certification. Here, the deputy testified that the machine was properly certified, information within his personal knowledge. Thus, the State made a threshold showing that the breath machine was SLD certified at the time of the test. Therefore, we conclude that the deputy's testimony satisfied the foundational requirement for admission of the test results.

**Maintenance by Key Operator**

Finally, Defendant asserted there was no evidence concerning maintenance by the key operator, but failed to inform this Court which specific SLD regulation was violated. Defendant was given the opportunity to provide information in the memorandum in opposition, but failed to do so. *State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue). Therefore, we affirm the district court on this issue.



**CONCLUSION**

For these reasons, and those stated in the first notice, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**