1998-NMCA-176

970 P.2d 161

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Roddy BRENNAN, Defendant–Appellant.**

**No. 18,917.**

Court of Appeals of New Mexico.

Oct. 22, 1998.

Certiorari Denied, No. 25,445,
Nov. 25, 1998.

**390**

Tom Udall, Attorney General, Anita Carlson, Assistant Attorney General, Santa Fe, for Appellee.

Phyllis H. Subin, Chief Public Defender, Lisabeth L. Occhialino, Assistant Appellate Defender, Santa Fe, for Appellant.

## OPINION

BOSSON, Judge.

{1} Defendant appeals affirmance by the trial court of his metropolitan court convictions for careless driving and driving while intoxicated (DWI). Defendant raises four issues on appeal, one of which we find to be grounds for reversal: that the statutory offense of careless driving as defined by the legislature must take place on a highway and not, as in this case, in a parking lot. We reverse Defendant's conviction of careless driving because the State could not prove an essential element of the crime that Defendant's alleged careless driving occurred on a highway. We affirm the DWI conviction.

## BACKGROUND

{2} Late one night, Officer Richard Locke passed a parking lot located at 200 Central in downtown Albuquerque and heard a car accelerate heavily. He looked over and saw a car spinning its wheels and kicking up dust before proceeding at an excessive rate of speed through the parking lot, which was crowded with pedestrians and other vehicles. Officer Locke stopped the car because he believed the driver's conduct was very careless, to the point of almost being reckless. Once the officer had made contact with Defendant, his observations led him to initiate a DWI investigation. Officer Locke observed that Defendant had a strong odor of alcohol, bloodshot, watery eyes, and slurred speech. Defendant failed three field sobriety tests: one-legged stand, walk-and-turn, and horizontal gaze and nystagmus (HGN). Defendant was arrested and charged with DWI and careless driving. A breath alcohol content test revealed an alcohol concentration of .09 percent, which is above the legal limit of .08 percent.

{3} After a bench trial, the metropolitan court convicted Defendant of both careless driving, NMSA 1978, § 66–8–114 (1978), and DWI, NMSA 1978, § 66–8–102 (1997). After an unsuccessful appeal to the trial court, Defendant appeals to this Court raising four issues: (1) whether the careless driving statute, Section 66–8–114, applies to driving within a parking lot; (2) whether the lower court improperly denied his motion to suppress evidence of his driving while intoxicated which was obtained as a result of an allegedly improper stop; (3) whether the court properly admitted evidence regarding his performance on the test; and (4) whether

there was sufficient evidence to support the DWI conviction.

## THE STATUTORY OFFENSE OF CARELESS DRIVING IS LIMITED TO HIGHWAYS

{4} Defendant contends that the careless driving statute applies only to the operation of vehicles on highways. Because his driving occurred in a parking lot, Defendant requests reversal and frames his request in terms of lack of jurisdiction. While we do not agree that this is properly a matter of jurisdiction, we do conclude that the place where the careless driving occurs is an element of the offense, and if the place does not fit within the statutory definition, then no statutory crime has been committed. The careless driving statute, Section 66–8–114, provides:

A. Any person operating a vehicle *on the highway* shall give his full time and entire attention to the operation of the vehicle.

B. Any person who operates a vehicle in a careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances is guilty of a misdemeanor.

(Emphasis added.) We agree with Defendant that the statute only makes it an offense to drive carelessly while "on the highway." This is the plain meaning of the statutory language. *See City of Las Cruces v. Davis,* 87 N.M. 425, 427, 535 P.2d 68, 70 (Ct.App. 1975) (refusing to extend scope of plain and unambiguous language in municipal DWI ordinance to cases not plainly within the language used); *see also State v. Jonathan M.,* 109 N.M. 789, 790, 791 P.2d 64, 65 (1990) (stating that courts must give effect to plain statutory language and refrain from further statutory interpretation). Moreover, "[a]ny changes in the application or reach of the statute are matters to be addressed by the legislature, not the courts." *City of Rio Rancho v. Young,* 119 N.M. 324, 327, 889 P.2d 1246, 1249 (Ct.App.1995).

{5} The State argues that the careless driving statute should be construed as two separate sections, one of which, Section B, does not limit itself to highways. We

cannot agree. The State would have us read the two subsections of the careless driving statute in isolation, as two independent statutes. It argues that Subsection A sets a higher standard, which is applicable only to highways, and that Subsection B sets a less demanding standard, which is applicable to highways and elsewhere. We agree that Subsection B does not specifically state that it applies only to highways; nor, however, does it state that it applies to other areas such as parking lots. We will not read language into the statute that is not there, especially when the statute makes sense as written. *See Jonathan M.,* 109 N.M. at 790, 791 P.2d at 65; *Davis,* 87 N.M. at 427, 535 P.2d at 70. If the legislature had intended careless driving to apply to places other than highways, it could easily have included such language in the statute. *See Young,* 119 N.M. at 327, 889 P.2d at 1249; *see also State v. Elmquist,* 114 N.M. 551, 552, 844 P.2d 131, 132 (Ct.App.1992) (stating that "[i]t is the function of the legislature to determine what actions should be prohibited and to define crimes by statute"). It did so with DWI and reckless driving. In NMSA 1978, Section 66–7–2(B) (1978), the Motor Vehicle Code specifically applies the offenses of DWI and reckless driving to driving "upon highways and elsewhere throughout the state." The Code makes no such provision for careless driving. To the contrary, under the Code the traffic laws are limited to operation of vehicles on the highway, "except where a different place is specifically referred to in a given section." Section 66–7–2(A). Nothing in the Motor Vehicle Code indicates that the careless driving statute applies anywhere but on the highways.

{6} Further, we decline to read the careless driving statute, Section 66–8–114, as proscribing two different kinds of conduct. Rather, we believe that Subsection A prohibits, in general terms, careless driving on highways. It does not specifically delineate the nature of the conduct. Subsection B more specifically explains what is included within the admonition in Subsection A that the driver "shall give his full time and entire attention to the operation of the vehicle." Thus, the prohibition is against careless driv-

ing on highways alone. The State must prove that the driving occurred on a highway as an element of the offense.

{7} The State also argues that the area where Defendant was driving should be considered a highway for the purposes of the careless driving statute. This argument does not persuade us either. Highways as defined in the Motor Vehicle Code include "every way or place generally open to the use of the public as a matter of right for the purpose of vehicular travel[.]" NMSA 1978, § 66–1–4.8(B) (1991). A parking lot, whether private or public, does not fall within this definition because it is not generally open to the use of the public as matter of right for the purpose of travel. A parking lot is separately defined at NMSA 1978, Section 66–1–4.14(B) (1995). Thus, highways and parking lots are defined differently for the purpose of the Motor Vehicle Code.

{8} Here, the evidence is uncontested that Defendant's driving occurred in a parking lot. Because the State failed to prove that Defendant was driving carelessly on a highway, it failed to prove an essential element of the offense. Accordingly, the conviction for careless driving must be reversed.

## MOTION TO SUPPRESS

{9} At trial, Defendant moved to suppress all evidence supporting the charge of DWI, including the incriminating test results and the officer's observations of Defendant after he had been stopped. Defendant argued that Officer Locke lacked reasonable suspicion to stop him for careless driving because, as we have just discussed, the careless driving statute does not apply to private parking lots. The trial court denied the motion on the basis that it was reasonable for the officer to stop Defendant and investigate why he was driving in such a careless manner.

{10} We review the denial of a suppression motion to determine whether the trial court correctly applied the law to the facts viewed in the manner most favorable to the prevailing party. See State v. Boeglin, 100 N.M. 127, 132, 666 P.2d 1274, 1279 (Ct. App.1983). The police may conduct investigatory stops where they have a reasonable,

objective basis for suspecting a person is engaged in criminal activity. See State v. Werner, 117 N.M. 315, 317, 871 P.2d 971, 973 (1994). Thus, the question is whether there were facts available to Officer Locke that would warrant a person of reasonable caution to believe the stop was appropriate. See id.

{11} Here, the evidence established that Officer Locke observed Defendant's vehicle being driven in a careless manner which led him to initiate an investigatory stop. The officer's testimony is sufficient evidence to support the trial court's determination that this was a lawful investigatory stop. The officer had a reasonable, articulable suspicion that Defendant was violating traffic laws. The observations made by Officer Locke would warrant a reasonable officer to believe the stop was appropriate.

{12} Defendant argues that because the driving was witnessed in a private parking lot, where the careless driving statute does not apply, the officer's suspicion of careless driving could not have been reasonable as a matter of law. We disagree. As this Court has stated before, "[a] reasonable suspicion may be a mistaken one." State v. Apodaca, 112 N.M. 302, 304, 814 P.2d 1030, 1032 (Ct.App.1991). A lawful investigatory stop may be made on reasonable suspicion of an offense even though the defendant cannot ultimately be convicted of that offense. See id.; State v. Mann, 103 N.M. 660, 664, 712 P.2d 6, 10 (Ct.App.1985); cf. State v. Eden, 108 N.M. 737, 743, 779 P.2d 114, 120 (Ct.App. 1989) (stating that a reasonable, but mistaken, belief that a snowmobile was a motor vehicle would not invalidate an arrest). Therefore, regardless of whether Defendant was ultimately convicted of careless driving, the officer had a reasonable suspicion that Defendant was driving carelessly, and his stop was reasonable under the circumstances. See State v. Hernandez, 1997–NMCA–006, ¶ 20, 122 N.M. 809, 932 P.2d 499; see also Cobbs, 103 N.M. at 626, 711 P.2d at 903 (stating that a police officer may detain a person where there is a reasonable suspicion that the law is being or has been broken).

## HGN TEST

{13} Defendant contends that the trial court erred in allowing Officer Locke to testify regarding the results of the HGN test. We need not determine whether it was error to admit this testimony because we hold that the HGN test, even if erroneously admitted, was cumulative and harmless. *See State v. Woodward,* 121 N.M. 1, 5, 908 P.2d 231, 235 (1995) (holding erroneous admission of cumulative evidence harmless). The admission of inadmissible evidence into a criminal trial is harmless if there is:

> (1) substantial evidence to support the conviction without reference to the improperly admitted evidence, (2) such a disproportionate volume of permissible evidence that, in comparison, the amount of improper evidence will appear so minuscule that it could not have contributed to the conviction, and (3) no substantial conflicting evidence to discredit the State's testimony.

*State v. Ross,* 1996–NMSC–031, 122 N.M. 15, 26, 919 P.2d 1080, 1091 (quoting *State v. Williams,* 117 N.M. 551, 559, 874 P.2d 12, 20 (1994)). Here, there was ample evidence without the HGN testimony to support Defendant's DWI conviction. In fact, in this bench trial the trial court made clear that it did not even consider the HGN evidence in summing up its basis for the conviction. Defendant had failed two other field sobriety tests, and he exhibited a behavior which was probative of intoxication. Here, Defendant presented no substantial conflicting evidence to discredit the State's evidence. We conclude that the HGN test, even if erroneously admitted, was cumulative and harmless.

## SUFFICIENCY OF EVIDENCE OF DWI

{14} Pursuant to *State v. Franklin,* 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) (generally advising counsel to advance petitioner's contentions regardless of merit), and *State v. Boyer,* 103 N.M. 655, 659, 712 P.2d 1, 5 (Ct.App.1985) (holding that counsel should present client's contention even where it conflicts with counsel's professional judgment), Defendant contends that there is insufficient evidence to support his DWI conviction. He argues that it is not clear what subsection of the DWI statute he was charged with and found guilty of violating. This lack of specification is immaterial in this case, because there is sufficient evidence to support Defendant's conviction under either Section 66–8–102(A) or (C). *See State v. Christian,* 119 N.M. 776, 778–79, 895 P.2d 676, 678–79 (Ct. App.1995).

{15} Here, there was evidence that the arresting officer observed and detected an odor of alcohol, bloodshot, watery eyes, and slurred speech. Further, Defendant failed the one-legged stand and the walk-and-turn field sobriety tests. Additionally, his blood alcohol content was .09 percent. This is sufficient evidence to support a conviction under Section 66–8–102(A). *See State v. Ruiz,* 120 N.M. 534, 540, 903 P.2d 845, 851 (Ct.App.1995). Proof that Defendant's breath test showed a blood alcohol content of .09 percent is sufficient to support his conviction under Section 66–8–102(C). *See State v. Cavanaugh,* 116 N.M. 826, 829–30, 867 P.2d 1208, 1211–12 (Ct.App.1993).

## CONCLUSION

{16} We hold that the careless driving statute applies only to the operation of vehicles on highways as defined by the Motor Vehicle Code and that the State failed to prove that Defendant's careless driving occurred on a highway. Therefore, for lack of proof of one of the elements of the crime, Defendant's conviction for careless driving is reversed. His conviction of DWI is affirmed.

{17} **IT IS SO ORDERED.**

APODACA and BUSTAMANTE, JJ., concur.