This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                   **No. 30,381**

**SCOTT DUNCAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Office of Robert R. Cooper
Ryan J. Villa
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals the denial of his motion to suppress evidence obtained as the result of a traffic stop. In our notice, we proposed to affirm the district court's

decision . Defendant has timely responded to our proposed summary disposition. We have considered his arguments and not being persuaded, we affirm.

In our notice, we addressed whether the community caretaker doctrine applied, even though it was not clear that the issue had been properly preserved. We did so as an alternative reason for affirming the metropolitan court's decision to deny the motion to suppress. Defendant continues to argue that the issue was properly preserved. [MIO 3] He argues that this Court should not consider the issue as an alternative ground for affirming the metropolitan court, but rather that we assign the case to the general calendar so that we can fully consider the application of *State v. Ryon*, 2005-NMSC-005, 137 N.M. 174, 108 P.3d 1032, to traffic stops. [MIO 2-3] We decline to do so as we are not convinced that the issue was properly preserved in the metropolitan court.

One requirement of preservation is invocation of a ruling or decision by the trial court. *See State v. Telles*, 1999-NMCA-013, ¶ 15, 126 N.M. 593, 973 P.3d 845 (filed 1998) (stating that where a defendant has failed to invoke a ruling by the trial court on an issue raised on appeal, the issue is not preserved). Here, there is no question that the issue was fully argued before the metropolitan court by both Defendant and the State. However, that court did not make a ruling based on community caretaking. In fact, the court stated only that it would deny the motion as the officer had

"reasonable suspicion to make the stop and investigate." [DS 7; RP 100] Under these circumstances, we do not believe that the issue was properly preserved for argument in this Court.

In our notice, we proposed to conclude that the metropolitan court did not err in determining that the officer had reasonable suspicion to stop Defendant. In so doing, we relied on the evidence of careless driving and that Defendant and his vehicle presented a safety hazard. [CN 8] Defendant continues to argue that the facts as presented created nothing but a hunch on the part of the officer. He argues that there was nothing more than unusual activity on his part and that does not satisfy the requirement of specific articulable facts that, judged objectively, would lead a reasonable person to believe that an offense was being committed. *See State v. Taylor*, 1999-NMCA-022, ¶ 7, 126 N.M. 569, 973 P.2d 246 (filed 1998) (stating the standard for reasonable suspicion for a traffic stop). We disagree with Defendant.

The facts articulated by the officer were specific and, viewed objectively, would lead a reasonable person to believe that Defendant's actions violated the law. Defendant's vehicle rolled toward the officer's vehicle while Defendant was slumped over and not visible through the window. [RP 98-99] Defendant agrees that maybe he should have been more careful in not allowing his vehicle to move while he was leaning over. He argues, however, that he was not breaking the law. He asserts that

3

he did not hit the officer's vehicle. That, however, was due to the officer's reactions in moving his own vehicle. Defendant's actions were careless in that he allowed his vehicle to move without watching where he was going. NMSA 1978, Section 66-8-114(B) (1978), defines "careless driving" as operating a vehicle "in a careless, inattentive or imprudent manner." The statute prohibits driving while not paying enough attention under the existing circumstances. *Id.*; *see State v. Baldonado*, 92 N.M. 272, 273, 587 P.2d 50, 51 (Ct. App. 1978).

We conclude that there were sufficient facts from which the officer could reasonably conclude that Defendant was driving carelessly in allowing his vehicle to move when he was not watching where he was going. Even though careless driving cannot be committed in parking lots, that does not prevent an officer from having reasonable suspicion sufficient to stop Defendant's vehicle. *State v. Brennan*, 1998-NMCA-176, ¶ 12, 126 N.M. 389, 970 P.2d 161.

In our notice, we also relied on the evidence that Defendant's vehicle had been parked for some length of time at the back of the McDonald's and that there had been a number of recent robberies in the area. Defendant argues that without more, these facts do not create a reasonable suspicion of criminal activity supporting a traffic stop. We note that Defendant's vehicle had apparently been parked so as to block the rear

4

door of the McDonald's and to partially block the drive thru lane. We believe this is simply further evidence of Defendant's inattention with regard to his vehicle.

Defendant argues that his case is indistinguishable from *City of Roswell v. Hudson*, 2007-NMCA-034, 141 N.M. 261, 154 P.3d 76, *State v. Williams*, 2006-NMCA-062, 139 N.M. 578, 136 P.3d 579, and *State v. Aguilar*, 2007-NMCA-040, 141 N.M. 364, 155 P.3d 769. [MIO 14-17] We disagree, as the factual circumstances of these cases distinguish them. Each determination of reasonable suspicion depends on the particular facts as articulated by the officer involved. Here, there were sufficient facts for a reasonable person to conclude that Defendant was engaged in some criminal activity.

For the reasons stated herein and in the notice of proposed disposition, we affirm the denial of the motion to suppress.

**IT IS SO ORDERED**.

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____

**ROBERT E. ROBLES, Judge**