This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF FARMINGTON,**

    Plaintiff-Appellee,

v.                                          **NO. 30,668**

**DOMINIC CHAVEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Jay Burnham
Farmington, NM

for Appellee

Rudolfo Law Office
Emeterio L. Rudolfo
Farmington, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals the denial of his motion to suppress evidence obtained as the result of a traffic stop. In particular, Defendant contends that because of a mistake in the law, the officer did not have reasonable suspicion to stop him. In our notice, we proposed to affirm the district court. Defendant has timely responded. We have considered his arguments and, not being persuaded, we affirm.

In our notice, we recognized that "conduct premised totally on a mistake of law cannot create reasonable suspicion needed to make a traffic stop; but if the facts articulated by the officer support reasonable suspicion on another basis, the stop can be upheld." *State v. Anaya*, 2008-NMCA-020, ¶ 15, 143 N.M. 431, 176 P.3d 1163. We proposed to affirm the district court's determination that although the officer was mistaken in his belief that white lights emitting from the tail lights of Defendant's vehicle was a violation of NMSA 1978, § 66-3-805(A) (1978), there was nevertheless reasonable suspicion to believe that the white lights were a violation of NMSA 1978, § 66-3-828(B) (1978).

Defendant responds that the other basis for upholding the stop was never raised by either the State or the court. If it had been, he contends that he would have stressed facts showing that the white light emitting from his vehicle's tail lights was not a glaring white light as prohibited by statute. Defendant asserts that the facts would

2

show that the white light was not a glaring white light.

Defendant cites no authority for his contention that the court could not rely on a different violation of the law to uphold the stop. Our mistake of law cases clearly allow the trial court to determine whether the facts articulated by the officer support reasonable suspicion on *another* basis. *Anaya*, 2008-NMCA-020, ¶ 15; *see State v. Muñoz*, 1998-NMCA-140, ¶ 9, 125 N.M. 765, 965 P.2d 349 (stating that despite a police officer's mistake of law, an objectively reasonable basis for a traffic stop may justify the stop on grounds other than those indicated by the officer). Moreover, we view the facts as the officer articulates them in determining reasonable suspicion. The facts that Defendant asserts he would have developed go to his guilt on the charge not whether there was reasonable suspicion to make the stop. *Cf. State v. Brennan*, 1998-NMCA-176, ¶ 12, 126 N.M. 389, 970 P.2d 161 (pointing out that a lawful investigatory stop may be made on reasonable suspicion of an offense even though the defendant cannot ultimately be convicted of that offense).

For the reasons stated herein and in the calendar notice, we affirm the denial of Defendant's motion to suppress evidence.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**


_____
**ROBERT E. ROBLES, Judge**