This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

       **Plaintiff-Appellee,**

**v.**                                                        **No. 34,974**

**DEENA WISNER,**

       **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Dalene Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant appeals from the district court's order that affirms her magistrate

conviction for aggravated DWI (first offense, .16 or more) and remands for imposition of the magistrate sentence. [RP 100] Our notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments, and affirm.

{2} Defendant continues to challenge the validity of her seizure or stop, specifically arguing that Officer McCoy lacked reasonable suspicion to justify the stop. [DS 3; MIO 1] *See generally State v. Walters*, 1997-NMCA-013, ¶ 10, 123 N.M. 88, 934 P.2d 282 (stating that investigatory stops, which constitute a seizure for Fourth Amendment purposes, require reasonable suspicion).

{3} As provided in our notice, Sergeant McCoy was fueling his patrol car at the easternmost gas pump at a Conoco convenience store and gas station. [RP 92] As Defendant approached the station, her vehicle caught Sergeant McCoy's attention because of the noise it made due to its movement on a flat, right front tire. [RP 92] Defendant's vehicle veered north off of Aztec to enter the premises of the station a short distance from Sergeant McCoy. [RP 92] Defendant drove directly toward Sergeant McCoy's police unit located beside the gas pump and stopped her vehicle ten feet short of Sergeant McCoy's police unit, at which time Sergeant McCoy observed that Defendant was staring blankly ahead with an open mouth. [RP 93] After pausing for one to two seconds, Defendant turned her vehicle sharply to the north to

clear Sergeant McCoy's vehicle and pulled into the front of the convenience store, rather than at the air pump located northeast of the convenience store building. [RP 93]

{4}     Based on the foregoing, we agree with the district court that the stop was justified by Sergeant McCoy's reasonable suspicion that Defendant was driving while impaired and by Defendant's violation of NMSA 1978, Section 66-3-901 (1985), which prohibits the driving of vehicles without required equipment or that are in an unsafe condition. [DS 3; RP 94] Although Defendant believes this Court places too much emphasis on her "blank stare and slack jaw" [MIO 3], as well as on her chosen course that she drove through the parking lot [MIO 3], we disagree, because when viewed together, they provide reasonable suspicion that Defendant was driving while impaired. [RP 93] *See State v. Robbs*, 2006-NMCA-061, ¶ 9, 139 N.M. 569, 136 P.3d 570 ("Questions of reasonable suspicion are reviewed de novo by looking at the totality of the circumstances to determine whether the detention was justified."); *see also State v. Salas*, 2014-NMCA-043, ¶ 15, 321 P.3d 965 (holding that, under the totality of circumstances, the defendant's erratic driving provided reasonable suspicion that he was driving while impaired); *State v. Chapman*, 1999-NMCA-106, ¶ 15, 127 N.M. 721, 986 P.2d 1122 (recognizing that a motorist's behavior and appearance may be considered when addressing the reasonableness of a detention).

{5} Also, and as discussed in our notice, apart from Defendant's odd driving behavior and concerning facial demeanor, Defendant's detention was further justified by Sergeant McCoy's observation that Defendant was driving a vehicle with a flat tire, in violation of Section 66-3-901 (prohibiting the driving of a vehicle on a highway without required equipment or in an unsafe condition). *See State v. Vandenberg*, 2003-NMSC-030, ¶ 21, 134 N.M. 566, 81 P.3d 19 (noting that suspicion of violating a traffic law supplies initial justification for stopping a vehicle); *State v. Hubble*, 2009-NMSC-014, ¶ 8, 146 N.M. 70, 206 P.3d 579 (recognizing that the reasonable suspicion test is an objective one, such that the subjective belief of the officer does not in itself affect the validity of the stop). We acknowledge Defendant's argument that her driving in the private service station parking lot did not satisfy the requirement in Section 66-3-901 that the prohibited driving be on a "highway". [MIO 4] *See* NMSA 1978, § 66-1-4.8(B) (1991) (defining "highway" or "street" as "every way or place generally open to the use of the public as a matter of right for the purpose of vehicular travel"). However, although the service station parking lot does not fall within the plain meaning or the statutory definition of "highway," *see State v. Brennan*, 1998-NMCA-176, ¶ 7, 126 N.M. 389, 970 P.2d 161, as provided in the undisputed [MIO 1] facts set forth in our notice, Defendant's vehicle veered north off of Aztec to enter the premises of the station. [RP 92] Thus, apart from driving in the parking

lot, before this Defendant was driving on Aztec, a "highway" as contemplated by Section 66-3-901.

**{6}** To conclude, for the reasons discussed above and in our notice, we hold that the stop was justified by Sergeant McCoy's reasonable suspicion that Defendant was driving while impaired, as well as by Defendant's violation of Section 66-3-901. We affirm.

**{7}** **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**

5