This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

    **v.**                    **No. 34,856**

**JUAN MENDEZ-MENDEZ,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant Juan Mendez-Mendez appeals from his conditional guilty plea

convictions for trafficking by possession with intent to distribute and aggravated driving while under the influence of intoxicating liquor or drugs following the district court's denial of his motion to suppress. [RP 93, 77] In this Court's notice of proposed disposition, we proposed to affirm the denial of Defendant's motion. [CN 1, 4] Defendant filed a memorandum in opposition in which he continues to argue the traffic stop for failure to maintain his traffic lane was not supported by reasonable suspicion, and even if the stop was supported by reasonable suspicion, it was pretextual. [MIO 1] Having given due consideration to Defendant's memorandum in opposition and remaining unpersuaded, we affirm.

{2} "A motion to suppress evidence involves a mixed question of fact and law. Thus, our review of this case involves two parts: the first is a factual question, which we review for substantial evidence; the second is a legal question, which we review de novo." *State v. Vandenberg*, 2003-NMSC-030, ¶ 17, 134 N.M. 566, 81 P.3d 19 (citations omitted). "With regard to the factual question, we review the facts in a light most favorable to the prevailing party, as long as the facts are supported by substantial evidence." *Id*. ¶ 18.

{3} As we noted in our proposed disposition, "an officer may stop a vehicle when he or she has reasonable suspicion that a traffic law has been violated." *State v. Prince*, 2004-NMCA-127, ¶ 9, 136 N.M. 521, 101 P.3d 332 (internal citation omitted).

2

[CN 2] The district court found the deputy observed Defendant swerve onto the shoulder of the road and across the center, double-yellow lines multiple times and waited to stop Defendant until they reached an area where their stopped cars would be visible to other motorists. [RP 78] In support of his argument the stop was not based on reasonable suspicion, Defendant makes the following assertions: the deputy admitted it was difficult to stay in a single lane along that portion of the road; it was impracticable for Defendant to stay in his lane, and the State did not present any evidence showing it was practicable; the deputy's testimony about his observations was not corroborated by video, and therefore, should have been discredited; and the deputy could not testify to the number of times Defendant crossed a line. [MIO 7-10]

{4} As we noted above, we review the district court's factual determinations for substantial evidence and view them in the light most favorable to the prevailing party. *See Vandenberg*, 2003-NMSC-030, ¶¶ 17-18. It is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *see also State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 ("This court does not weigh the evidence and may not substitute its judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict." (internal quotation marks and citation omitted)); *State v. Rojo*, 1999-NMSC-001, ¶ 19,

3

126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the [fact-finder] is free to reject [the d]efendant's version of the facts."). Viewing the above facts in the light most favorable to the prevailing party, the State, we conclude the deputy's traffic stop was supported by reasonable suspicion. *See State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856. To the extent Defendant argues he could not have been convicted of failure to maintain his traffic lane based on his asserted facts, we note that "a lawful investigatory stop may be made on reasonable suspicion of an offense even though the defendant cannot ultimately be convicted of that offense." *State v. Brennan*, 1998-NMCA-176, ¶ 12, 126 N.M. 389, 970 P.2d 161.

{5}    Turning to Defendant's pretext argument, we note "[t]he defendant has the burden of proof to show pretext based on the totality of the circumstances" and, "[i]f the defendant has not placed substantial facts in dispute indicating pretext, then the seizure is not pretextual." *State v. Ochoa*, 2009-NMCA-002, ¶ 40, 146 N.M. 32, 206 P.3d 143. [CN 3] Defendant asserts the deputy's failure to follow standard operating procedures by properly recording the encounter demonstrates that while the deputy "may not have had a specific crime in mind, [his] desire to engage in a fishing expedition can give rise to a pretextual stop[.]" We disagree. Defendant has not met his burden and placed any substantial facts in dispute demonstrating the deputy's

4

actual motive for the stop was unrelated to the justification for the stop. *See id.* We therefore conclude the district court appropriately found the stop was not pretextual and denied Defendant's motion on that ground.

{6}     Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{7}     **IT IS SO ORDERED.**


_____

**J. MILES HANISEE, Judge**


**WE CONCUR:**



_____

**TIMOTHY L. GARCIA, Judge**




_____

**M. MONICA ZAMORA, Judge**