This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 34,207**

**JOSEPH CRUTCHER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}    Defendant-Appellant Joseph Crutcher appeals his conviction for driving under the influence of intoxicating liquor (DWI), contrary to NMSA 1978, Section 66-8-102 (2010). He appeals from the district court's review of his on-record appeal from metropolitan court. Defendant raises two issues on appeal to this Court: first, he claims that the State failed to lay a proper foundation for the admission of his breath alcohol test (BAT) results; and second, he contends that he was not provided with a reasonable opportunity to obtain an independent blood alcohol test. Defendant's first issue is controlled by our Court's recent decision in *State v. Hobbs*, 2016-NMCA-__, ___ P.3d ___ (No. 33,715, Dec. 22, 2015). We further conclude that Defendant's second issue was abandoned. We affirm.

**BACKGROUND**

{2}    Following the administration of standardized field sobriety tests (SFSTs), Defendant was arrested on suspicion of DWI by Officer Daniel Galvan of the Albuquerque Police Department. Defendant consented to the administration of a breath alcohol test. At trial in metropolitan court, the BAT results were admitted over Defendant's objection. The district court dismissed Defendant's on-record appeal, finding that the issue raised by Defendant in district court had not been adequately preserved. Because this is a memorandum opinion and the parties are familiar with the

facts and procedural background, we reserve discussion of the pertinent facts within the context of Defendant's arguments.

**DISCUSSION**

{3}     Defendant raises two issues on appeal: (1) whether the trial court abused its discretion in admitting his BAT results because the State failed to provide evidence that the gas canister attached to the breath testing machine used to test his breath alcohol content was approved by the Scientific Laboratory Division of the Department of Health (SLD) and (2) whether he received a reasonable opportunity to arrange for an independent chemical test.

**I.     BAT Results Were Properly Admitted**

{4}     Defendant's brief in chief asserts that the trial court abused its discretion by admitting his BAT results into evidence. Specifically, Defendant claims that the State did not lay a proper foundation for the admission of the BAT results by failing to present evidence that the gas canister used was approved by SLD. In response, the State's answer brief makes two arguments: first, that Defendant did not preserve the foundational argument before the trial court, and second, that even if the argument was properly preserved, the State met all foundational requirements for admission of the BAT results.

{5}     While we note the State's concern that the argument raised in the metropolitan court is not identical to that raised in district court, ultimately, Defendant cannot be

3

successful with respect to this issue because of our recent decision in *Hobbs*. After the State filed its answer brief, and before Defendant's reply brief was filed, this Court filed *Hobbs*. Defendant's reply brief acknowledges that *Hobbs* is dispositive with respect to this issue, but "argues that *Hobbs* was wrongly decided and stands on his brief[]in[]chief on this issue." However, the arguments raised in Defendant's brief in chief were previously considered in *Hobbs*. *See* 2016-NMCA-__, ¶ 11-22. We decline to revisit the issue. *See generally Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 15, 134 N.M. 43, 73 P.3d 181 ("We require special justification in order to depart from precedent."); *Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 33, 125 N.M. 721, 965 P.2d 305 ("Stare decisis is the judicial obligation to follow precedent, and it lies at the very core of the judicial process of interpreting and announcing law.").

{6}     Applying *Hobbs*, we conclude that Defendant's BAT results were properly admitted.

**II.     Challenge to Reasonable Opportunity to Arrange for an Independent Chemical Test Was Abandoned**

{7}     Defendant contends that he was not given a reasonable opportunity to arrange for an independent chemical test pursuant to NMSA 1978, Section 66-8-109(B) (1993). After Defendant was advised of his right to an independent chemical test, and Defendant requested to exercise this right, Officer Galvan gave him a phone book and a telephone. When Defendant stated that he did not know where to look in the phone

4

book, Officer Galvan directed him to the medical section of the phone book. Ultimately, Defendant did not obtain an independent chemical test. Defendant argued before the trial court that Officer Galvan's direction effectively "thwarted" his efforts to obtain an independent test and constituted "state intervention."

{8}     Defendant acknowledges that he did not raise this argument in his on-record appeal to the district court. Defendant explains that he did not do so because this Court's opinion in *State v. Chakerian*, 2015-NMCA-052, ¶ 20, 348 P.3d 1027 (holding that "[d]oing nothing more than providing access to a Yellow Pages telephone book and telephone in the early morning hours fails to rise to the level of meaningful cooperation required by Section 66-8-109(B)"), *cert. granted*, 2015-NMCERT-005, __ P.3d __ (May 11, 2015), had not yet been filed. We can perceive of no reason why this would have precluded Defendant from raising the issue before the district court. We therefore decline to address this issue because Defendant abandoned it by not raising it in the district court. *See State v. Vigil*, 2014-NMCA-096, ¶¶ 17-18, 336 P.3d 380 (declining to review a defendant's confrontation clause challenge and holding that the issue had been abandoned where the defendant had raised the issue in metropolitan court but not on appeal to the district court), *cert. granted*, 2014-NMCERT-009, 337 P.3d 95.

{9}     Finally, we address Defendant's invitation to review the merits of his unpreserved issue under the fundamental error doctrine. Defendant argues that

"[g]iven the decision in *Chakerian*[, he] is indisputably innocent," and points to *State v. Astorga*, 2015-NMSC-007, ¶ 14, 343 P.3d 1245, in which our Supreme Court stated that "[u]nder the doctrine of fundamental error, an appellate court has the discretion to review an error that was not preserved in the trial court to determine if a defendant's conviction 'shocks the conscience' because . . . (1) the defendant is 'indisputably innocent[.]'" (alteration omitted) Defendant develops no further argument to support his assertion that he is "indisputably innocent."

{10}     Assuming that any error occurred, however, Defendant has not demonstrated that such error was fundamental. Defendant was found guilty under the per se theory of DWI, *see* § 66-8-102(C) (providing that it is unlawful for a person to drive with a breath alcohol concentration equal to or greater than .08 grams of alcohol within three hours of driving, and that the alcohol was consumed before or during driving), and Defendant's BAT results were .12 and .12. *See State v. Brennan*, 1998-NMCA-176, ¶ 15, 126 N.M. 389, 970 P.2d 161 (holding that a BAT result of .09 was sufficient to uphold a per se DWI conviction). Defendant has not described a circumstance that points to his indisputable innocence in this case. *See State v. Dietrich*, 2009-NMCA-031, ¶ 47, 145 N.M. 733, 204 P.3d 748 ("In a fundamental error analysis, where the defendant has waived all error by failing to object, the Court's goal is to search for injustice." (internal quotation marks and citation omitted)).

6

{11} Accordingly, because Defendant has failed to develop his claim of fundamental error, we decline to conclude that Defendant has demonstrated fundamental error in this case. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow the Court to evaluate the claim).

**CONCLUSION**

{12} For the foregoing reasons, we affirm.

{13} **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**