This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38780**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**BRADLEY TORRES,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

D. Eric Hannum
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant, Bradley Torres, appeals from the district court's order affirming the metropolitan court's sentencing order. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We have duly considered Defendant's arguments, and we remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

**BACKGROUND**

**{2}** Defendant does not dispute the district court's recitation of the facts and testimony at trial. [MIO 1-2] However, Defendant argues that the district court erred in concluding that any error in the arresting officer's use of the word "nystagmus" during his testimony describing Defendant's performance on the field sobriety tests (FSTs) was harmless. [MIO 2-3] Defendant contends that the word "nystagmus" must have sounded "impressively latinate and scientific[,]" and therefore, was particularly persuasive to the jury. [MIO 3] Defendant further argues that, because there was no evidence of a breath or blood test in this case, the likely impact of the FST evidence necessarily must be afforded greater weight, and therefore, any error in the officer's use of the word nystagmus requires reversal of his conviction. [MIO 3]

**{3}** We disagree and continue to adhere to our view that the district court correctly determined that if any error was occasioned by the use of the term nystagmus, such error was harmless. [RP 95-96] *See State v. Vargas*, 2016-NMCA-038, ¶ 24, 368 P.3d 1232 ("Non-constitutional errors are harmless unless there is a reasonable probability that the error impacted the verdict."). As the district court noted in its opinion, the use of the term "nystagmus" was not emphasized by the State, had little importance as evidence, and introduced no new facts into evidence. [RP 95-96] *See id.* (stating that in determining whether improperly admitted evidence affected the verdict the court considers "circumstances [including] other evidence of the defendant's guilt, the importance of the erroneously admitted evidence to the prosecution's case, and the cumulative nature of the error"). Defendant does not argue otherwise in his memorandum in opposition. Additionally, there was substantial other evidence of Defendant's guilt including erratic driving, failure to follow instructions, an odor of alcohol, bloodshot and watery eyes, and difficulties with balance and coordination. [RP 96] *See id.* Under these circumstances, we see no error in the district court's determination that any error in the admission of this evidence was harmless. *See State v. Brennan*, 1998-NMCA-176, ¶ 13, 126 N.M. 389, 970 P.2d 161 (determining that any error in the admission of HGN testimony was harmless where there was ample other evidence to support the defendant's conviction for DWI).

**{4}** Defendant next argues that the district court erred in determining that any error in the introduction of Officer Montez's testimony that Defendant was unsafe to operate a motor vehicle due to impairment was harmless. [MIO 4-6] The district court assumed without deciding that the admission of the evidence was error because Officer Montez had not been qualified as an expert, but determined that the admission of the evidence was nonetheless harmless. [RP 97-98] In making this determination the district court considered that the challenged testimony consisted of a single sentence, and the State did not refer to the testimony again during trial or in its closing argument. The district court also considered that the jury saw a videotape of the stop which showed Defendant's erratic driving, his failure to follow commands and instructions, and his poor balance and coordination. The jury was therefore able to evaluate Defendant's demeanor, words, and actions for itself in determining that Defendant had been impaired. [RP 98] *See generally State v. Pickett*, 2009-NMCA-077, ¶ 21, 146 N.M. 655, 213 P.3d 805 (holding that, even if the officer was improperly allowed to give expert witness testimony relative to whether the defendant was impaired, any error was

harmless where there were other admissible evidence indicating that the defendant was impaired).

**{5}** Defendant continues to argue in his memorandum in opposition that, in the absence of a chemical test, it cannot be reasonably concluded that Officer Montez's testimony was harmless. [MIO 6] However, we agree with the district court's assessment for the reasons stated in its memorandum opinion.

**CONCLUSION**

**{6}** For these reasons, we affirm the district court's order affirming the metropolitan court's writ of restitution.

**{7}** **IT IS SO ORDERED**.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**